/ui/ljg/23100901/removal.not
04/26/02/HRJ/bjw

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

MAY 0 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| TRACEY ODEM and ROBIN ODEM | § | |
| | § | CASE NO. **B-02-085** |
| V. | § | |
| | § | JURY |
| ALLSTATE TEXAS LLOYD'S | § | |

## DEFENDANT, ALLSTATE TEXAS LLOYD'S NOTICE
## OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendant, ALLSTATE TEXAS LLOYD'S ("Defendant") hereby removes to this Court the state court action described below, and files this Notice of Removal under 28 U.S.C. § 1446(a):

### BACKGROUND

1.      Plaintiffs are Tracey Odem and Robin Odem; Defendant is Allstate Texas Lloyd's.

2.      On March 28, 2002, an action was commenced in the 107th Judicial District Court, Cameron County, Texas entitled Tracey Odem and Robin Odem v. Allstate Texas Lloyd's as Cause Number 2002-03-1287-A.  Defendant was served on April 5, 2002.  Defendant files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).  Copies of the required state court documents are attached as Exhibit "A."

3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to provisions of 28 U.S.C. §1441(a) in that it is a civil action wherein the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs (see Exhibit "B") and is between parties of different states.

4.      Defendant is informed and believes that Plaintiffs, Tracey Odem and Robin Odem, were at the time of filing this lawsuit, and still are, citizens of the State of Texas and reside in Cameron County, Texas. Defendant, Allstate Texas Lloyd's, was at the time of the filing of this action, and still is, considered a citizen of the State of Illinois as none of the members and/or underwriters of Allstate Texas Lloyd's reside in and/or are citizens of the State of Texas.

### BASIS FOR REMOVAL

5.      Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Plaintiffs are citizens of the State of Texas. Defendant is not a citizen of the State of Texas, nor is incorporated under the laws of Texas or maintain a principal place of business within Texas. Accordingly, Defendant is a citizen of Illinois. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), excluding interest, costs and attorneys fees. *See* Exhibit "B."

6.      All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit "A."

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending.

8.      Defendant will file promptly a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

### JURY DEMAND

9.      Defendant did demand a jury in the state court action.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228


By:_____
              LARRY J. GOLDMAN
              "Attorney in Charge"
              Federal Bar No. 341
              State Bar No.  08093450

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S


## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 1ˢᵗ day of May, 2002:

    Mr. Reynaldo Ortiz
    State Bar No. 15324275
    Gina Karam Millin
    State Bar No. 24011072
    LAW OFFICE OF REYNALDO ORTIZ, P.C.
    1109 W. Nolana, Suite 204
    McAllen, Texas  78504

              _____
              LARRY J. GOLDMAN

# EXHIBIT "A"

```
RUN DATE 04/19/02                                                    PAGE: 01
RUN TIME 8:49 AM                                            2002-03-CC-1287-A
```

TRACEY ODEM AND ROBIN ODEM          *          003-6901                              (06)
                                    *          HON. REYNALDO ORTIZ
            VS                      *          1109 W. NOLANA, SUITE 204        BREACH OF CONTRACT
                                    *          MCALLEN, TEXAS   78504 0000
ALLSTATE TEXAS LLOYD'S              *                                                30.00
                                    *          00490901                          LAW OFFICE OF
                                    *          LARRY J. GOLDMAN              REYNALDO ORTIZ, P.C
                                               911 SAN PEDRO, SUITE 900
                                    C L E R K'S   E N T R I E S          SAN ANTONIO, TEXAS   78216 0000

                                    *   *   *   *   *   *   *   *   *

                                                   03/28/02  ORIGINAL PETITION FILED                     03   28   02
                                                   03/28/02  CITATION (CM): ALLSTATE TEXAS LLOYD'S
                                                   03/28/02  SERVED: 04/05/02   FILED: 04/11/02
                                                   03/28/02  JURY FEE: Pd. by HON. REYNALDO ORTIZ
                                                   04/17/02  ORIGINAL ANSWER: ALLSTATE TEXAS LLOYD'S

CAUSE NO. 2002-03-1287-A

FILED 4:00 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
MAR 2 8 2002
DISTRICT COURT OF CAMERON COUNTY TEXAS
___ DEPUTY

| | | |
|---|---|---|
| TRACEY ODEM AND | § | IN THE JUDICIAL DISTRICT |
| ROBIN ODEM | § | |
| | § | |
| VS. | § | 107th JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW, **Tracy Odem and Robin Odem, Plaintiffs**, complaining of Allstate **Texas Lloyd's Company**, Defendant, and for cause show as follows:

### I. Preliminary Statement

Plaintiffs bring this action against Defendant for breach of contract, breach of the duty of good faith and fair dealing, breach of Articles 21.21 and 21.55 of the Texas Insurance Code and breach of the Texas Deceptive Trade Practices-Consumer Protection Act in connection with an insurance policy sold by Defendant and Defendant's refusal to adhere to the terms of the policy.

### II. Parties

Plaintiffs are individuals residing in Cameron County, Texas.

Defendant is a property casualty company, organized under the laws of the State of Texas, authorized to engage in the insurance business in Texas, and having its principal place of business is in North Brook, Illinois. Defendant may be served via certified mail, return receipt requested through their registered agent for service: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

### III. Discovery Plan

Plaintiffs affirmatively plead that they seek monetary and other relief in excess of $50,000.00 and discovery is intended to be conducted under Level 2 under Rule 190.3.

### IV. Jurisdiction and Venue

A substantial part of the cause of action accrued in Cameron County, Texas. The contract for insurance was executed and performed in Cameron County, Texas. Venue is proper in this county as the Plaintiffs are residents of Cameron County and the subject matter of this lawsuit is in Cameron County, Texas. Jurisdiction is properly before this Court.

### V. Facts

Defendant, through its local recording agent's office in Harlingen, Texas, issued an insurance policy naming Plaintiffs as the insureds and insuring the Plaintiffs' premises and contents therein located at 908 East Taylor Street, Cameron County, Texas against all risks of physical loss to the property, among other things, for a continuous period beginning on August 19, 1997 and continuing to the present. Pursuant to the terms of the policy, numbered 0000000216753116, Plaintiffs have insurance protection up to $80,000.00 on their dwelling for any loss resulting from damage to the premises. Plaintiffs have insurance protection on their personal property up to $48,000.00 per claim. The policy purchased by Plaintiffs includes $16,000.00 for additional living expenses in the event a covered loss makes the insured residence wholly or partially untenantable. A true and correct copy is attached as **"Exhibit A"** and incorporated by reference as if fully set forth at length.

2

The building and contents insured by Defendant pursuant to the insurance contract sustained damage as the result of plumbing leaks. The leaks caused mold and fungi to develop in the home. The damage has in effect rendered the home irreparable and untenantable.

Plaintiffs timely made claims for the damages to their home beginning on March 12, 2001. The claims were justified by the following facts:

1.)    The claims made by Plaintiffs for water damage are covered perils under the policy of insurance; and

2.)    The policy was at all times material to this action in full force and effect.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has wholly failed and refused to pay Plaintiffs in accordance with its contract obligation. Defendant has failed and refused to complete a full scale investigation of the claims and to determine the scope of the mold and fungi damage on the insured premises.

## VI.  Causes of Action

The Plaintiffs, beginning in March, 2001, notified Defendant of the damages sustained in their home. Although all conditions precedent to the Defendant's obligation to pay the Plaintiffs' losses under the policy of insurance were performed or did occur, the Defendant has failed and refused to pay Plaintiffs' claims in accordance with the policy of insurance. The Defendant's delay in paying the claims in their entirety was unreasonable, unlawful, and actionable, and the producing and proximate cause of the harm suffered by the Plaintiffs, as more fully set out below.

A.   Unfair Claim Settlement Practice:  Article 21.21

Plaintiffs have a direct cause of action against Defendant under Article 21.21 of the Texas Insurance Code.  At the time of the events leading up to the instant lawsuit, Defendant was and is still engaged in the business of insurance, as that term is defined by law and as it is contemplated by Article 21.21.

After having received notice of the Plaintiffs' losses, losses clearly covered by the parties' contract of insurance, the Defendant engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in Article 21.21 of the Texas Insurance Code, including but not limited to:

1.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiffs' claims once the Defendant's liability became reasonably clear;

2.   Refusing to pay the claim without first conducting a reasonable investigation of the matter, and;

3.   Failing to affirm or deny coverage within a reasonable time.

Additionally, Defendant violated section 16(a) of Article 21.21 of the Insurance Code by engaging in deceptive conduct as set out in the Texas Deceptive Trade Practices-Consumer Protection Act ("D.T.P.A.").   Specifically, Defendant violated the following sections: 17.46(b)(5) of the D.T.P.A. by representing that the homeowner's policy had benefits that it did not have; 17.46(b)(7) by representing that the homeowner's policy was of a particular standard or grade when it actually was of another; 17.46(b)(12) by representing that the policy of

4.

insurance conferred rights and remedies which it did not involve; and 17.46(b)(23) by failing to disclose information concerning the policy and the services that would be provided under the policy, when such information was intended to induce Plaintiffs into a transaction that they would not have entered had the information been disclosed.

As a proximate result of Defendant's tortious conduct, Plaintiffs have been damaged in an amount exceeding the minimum jurisdictional limits of this court. Plaintiffs have further incurred costs in having to employ the undersigned attorneys to prosecute this action, for which they should also be compensated.

Finally, the above-described acts and conduct were knowingly committed by Defendant, triggering the mandatory trebling provisions of Article 21.21.

B.    Breach of Duty of Good Faith and Fair Dealing

By virtue of the insurer/insured relationship that was created by the contract of insurance into which Plaintiffs and Defendant entered, Plaintiffs are entitled to make a direct claim against Defendant pursuant to the terms of the policy. The special relationship between the parties to the contract imposed duties upon Defendant to act in good faith and to deal fairly with Plaintiffs. These duties were prescribed in the contract when it was consummated. However, from and after the time Plaintiffs' claims were presented to the Defendant, Defendant failed and refused, without good cause, to properly investigate Plaintiffs' claims and pay the damages as the policy required.

The Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the Plaintiffs will show that the Defendant failed to

5

conduct a reasonable, proper investigation of the claim and refused to rely on true facts, resorting instead to producing faulty, incomplete, and biased estimates as subterfuges to avoid paying valid claims.

Consequently, the Defendant breached its duty to deal fairly and in good faith with the Plaintiffs. As a proximate result of Defendant's tortious conduct, Plaintiffs have been damaged in an amount exceeding the minimum jurisdictional limits of this court.

The breach of duty by the Defendant was aggravated by the kind of malice and/or fraud for which the imposition of exemplary damages is justified. The Defendant's conduct comprising the breach involved an extreme degree of risk of potential harm to the Plaintiffs and other occupants of the home and, despite the Defendant being actually and subjectively aware of the risk involved, the Defendant proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiffs. The Defendant's conduct comprising the breach of duty also included the making of a material misrepresentation that was false and either known by the Defendant to be false or made as a positive assertion with reckless disregard for truth. The Defendant intended that the representation would be relied upon by the Plaintiffs and, in fact, the Plaintiffs did rely on the representation and suffered harm as a result. Plaintiffs, therefore, seek exemplary damages in an amount to be asserted by the trier of fact.

C.    Failure to Comply With Prompt Payment Statute: Article 21.55

On or about March 12, 2002, Plaintiffs, through the undersigned attorneys, gave written notice to Defendant of claims involving water damage in their home. Defendant failed to timely investigate and pay the claims made by Plaintiffs within the time periods prescribed by Article

21.55 of the Texas Insurance Code. Furthermore, Defendant has failed to timely notify Plaintiffs whether they are accepting or rejecting the claims or notify Plaintiffs that they need more time to decide whether to accept or reject the claims.

As a proximate result of Defendant's tortious conduct, Plaintiffs have been damaged in an amount exceeding the minimum jurisdictional limits of this court. Plaintiffs are entitled to recover the amount of the claims and the additional sum of 18 percent per annum of the amount of the claims until the day before the judgment for the Plaintiffs is signed.

D.    Breach of Contract

The homeowner's insurance policy issued by Defendant to Plaintiffs constitutes a written contract, the terms of which were to be complied with by both parties. Under the terms of this agreement, Defendant agreed to provide Plaintiffs with benefits for any claim covered by the policy. The contract of insurance was in full force and effect from August 19, 2001 continuing to the present. During the policy period, Plaintiffs' home sustained water damage upon which Plaintiffs' claims are based, and Plaintiffs gave Defendant notice of their claims.

In return for Defendant's agreement to provide coverage, Plaintiffs agreed to timely pay their insurance premiums and to notify Defendant of any claim being asserted against it. Plaintiffs fully performed the duties imposed by the contract. Additionally, the circumstances surrounding the water damage of the insured residence conform to the requirements of a compensable claim, as contemplated by the insurance contract. Defendant, in violation of its obligations and promises under the homeowner's policy, wrongfully refused to provide Plaintiffs with coverage of their claims. As a proximate result of Defendant's breach of its obligations

7

under the policy, Plaintiffs have suffered actual damages in an amount that exceeds the minimum jurisdictional limits of this court.

Additionally, Plaintiffs have had to secure the services of the undersigned attorneys to prosecute this action, for which they also seek compensation.

E.    Violations of the Texas Deceptive Trade Practices Act

Plaintiffs purchased homeowner's insurance from Defendant and qualified as "consumers" as that term is defined by the D.T.P.A.  Defendant violated various provisions of section 17.46(b) of the D.T.P.A. by:

1.    Representing that the homeowners policy sold to Plaintiffs had benefits that it did not have, in violation of section 17.46(b)(5);

2.    Representing that the homeowners policy was of a particular standard or grade when it was of another, in violation of section 17.46(b)(7);

3.    Representing that the policy of insurance conferred rights and remedies that it did not have or involve, in violation of section 17.46(b)(12); and

4.    Failing to disclose information concerning the homeowners policy and the services that would be provided under the policy, when such information was known at the time of the transaction and failure to disclose such information was intended to induce Plaintiffs into a transaction which they would not have entered had the information been disclosed, in violation of section 17.46 (b)(23).

Defendant is also liable to Plaintiffs under section 17.50 of the D.T.P.A. in that they:

1.   Employed acts or practices in violation of Article 21.21 of the Texas Insurance Code, as amended, and violated the rules or regulations issued by the State Board of Insurance under Article 21.21 as more fully described above; and

2.   Engaged in unconscionable action by taking advantage of Plaintiffs' lack of knowledge, ability and experience to a grossly unfair degree and by providing goods and services that were grossly less than the consideration paid by Plaintiffs.

The conduct of Defendant, as described herein, was a producing cause of damages to Plaintiffs.  In addition, because such conduct involved knowing violations of the D.T.P.A., Plaintiffs are entitled to recover additional statutory damages and treble damages in an amount exceeding the minimum jurisdictional limits of this court.

Plaintiffs are also entitled to the recovery of the attorney's fees they have incurred by having to employ the undersigned attorneys to prosecute this action.

## VII.  Jury Demand

Plaintiffs have heretofore made application and demand for trial by jury, and have tendered the fee in compliance with the provisions of Rule 216 of Tex.R.Civ.P.

## VIII.  Prayer

**WHEREFORE**, Plaintiffs request that Defendant be cited to appear and answer, and that on final trial of this case, Plaintiffs recover from Defendant the following:

1.   The benefits payable under the insurance policy for each claim made the basis of this suit, together with all allowable interest under the law;

9

2.     Statutory penalty for utilizing unfair settlement practices, in violation of Article 21.21 of the Texas Insurance Code;

3.     Statutory penalty for Defendant's failure to comply with the prompt payment provisions of Article 21.55 of the Insurance Code;

4.     A reasonable sum for attorney's fees, as found by the trier of fact, with conditional sums for the services of Plaintiffs' attorney in the event of subsequent appeals;

5.     Interest on the judgment at the highest rate provided by law from the date of judgment until paid;

6.     Costs of suit; and

7.     Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

LAW OFFICE OF REYNALDO ORTIZ, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504
Tel: (956) 687-4567
Fax: (956) 631-1384


REYNALDO ORTIZ
State Bar No. 15324275
Federal I.D. No. 3767
GINA KARAM MILLIN
State Bar No. 24011072

10



# Allstate.
You're in good hands.

ALLSTATE TEXAS LLOYD'S COMPANY
CLASSIC
DECLARATIONS PAGE
NEW POLICY

The POLICY PERIOD shall begin and
end as shown below:

POLICY TYPE  : Homeowners Form B - Broad Form       Begins on : 08/19/2001
NUMBER       : 000000216753116                       Ends on   : 08/19/2002
                                                     12:01 A.M. Standard Time
NAMED INSURED/MAILING ADDRESS                        at the location of the
            TRACY & ROBIN ODOM                       residence premises/dwelling
            908 E TAYLOR STREET
            HARLINGEN
            TX   78550

RESIDENCE PREMISES/DWELLING
  908 E TAYLOR STREET HARLINGEN TX 78550      CAMERO
  N CNTY                                              Zip Code: 78550

CONSTRUCTION: BRICK VENEER
                                              FEET TO HYDRANT:  200
PUBLIC PROTECTION CLASS: 04

| SECTION I PROPERTY COVERAGES | LIMITS OF LIABILITY | PREMIUM |
|---|---|---|
| Coverage A Dwelling Protection | $80000 | $682 |
| Other Structures | $8000 | INCL |
| Coverage B Personal Property Protection | $48000 | INCL |
| Personal Property Premises - Location | $4800 | INCL |

| SECTION II LIABILITY COVERAGES | LIMITS OF LIABILITY | PREMIUM |
|---|---|---|
| Coverage C Personal Liability - each occurrence | $100000 | |
| Coverage D Medical Payments to Others-each person | $1000 | |
| Other Residential Premises - Location | Same as Coverages C & D | $7 |

| | | |
|---|---|---|
| Loss of Use Coverage | $16000 | |

| | BASIC PREMIUM | $689 |
|---|---|---|

Page 1  of More

EXHIBIT
A

tabbies

# QUICK REFERENCE
# TEXAS HOMEOWNERS POLICY — FORM B

Insuring Agreement................................................ 2
Definitions .......................................................... 2

SECTION I — PROPERTY COVERAGE

Coverage A
  Dwelling ........................................................ 3
  Other Structures ............................................. 3
Coverage B
  Personal Property ........................................... 3
  Personal Property Off Premises ...................... 3
Special Limits of Liability ...................................... 4
Property Not Covered ........................................... 4
Extensions of Coverage
  Debris Removal .............................................. 5
  Loss of Use ................................................... 5
  Reasonable Repairs ....................................... 5
  Trees, Shrubs, Plants and Lawns .................... 5
  Property Removed .......................................... 5
  Consequential Loss ........................................ 5
  Automatic Removal ........................................ 6
Perils Insured Against
  Coverage A (Dwelling) .................................... 6
  Coverage B (Personal Property) ...................... 6

Exclusions............................................................ 7

Deductibles .......................................................... 9

Section I — Conditions
  Insurable Interest and Limit of Liability............. 9
  Residential Community Property Clause ........... 9
  Duties After Loss
    Your Duties After Loss ............................... 9
    Our Duties After Loss .............................. 10
  Loss Settlement............................................ 11
  Loss to a Pair or Set..................................... 12
  Salvage Rights ............................................. 12
  Appraisal...................................................... 12
  Loss Payment................................................ 12
  Catastrophe Claims ...................................... 12
  Other Insurance ........................................... 13
  Suit Against Us ............................................ 13
  Abandonment of Property ............................. 13
  Vacancy — Suspension of Coverage ....... 13
  Mortgage Clause .......................................... 13
  No Benefit to Bailee ...................................... 14

SECTION II — LIABILITY COVERAGE

Coverage C (Personal Liability)........................... 14
Coverage D (Medical Payments to Others).......... 14

Exclusions
  Coverage C and D Exclusions......................... 15
  Coverage C Exclusions.................................. 17
  Coverage D Exclusions.................................. 17

Additional Coverages
  Claim Expenses ........................................... 18
  Imperative Medical Expenses to Others......... 18
  Damage to Property of Others ...................... 18
Section II — Conditions
  Limit of Liability ........................................... 18
  Severability of Insurance............................... 19
  Duties After Loss ....................................... 19
  Duties of an Injured Person........................... 19
  Payment of Claim under Coverage D ............. 19
  Suit Against Us............................................. 19
  Bankruptcy of the Insured ............................ 19
  Other Insurance ........................................... 20
  Notice of Settlement of Liability Claim ........... 20

POLICY CONDITIONS
APPLYING TO SECTIONS I AND II

Policy Period .................................................... 20
Concealment or Fraud ....................................... 20
Liberalization Clause ......................................... 20
Waiver or Change of Policy Provisions ............... 20
Cancellation ..................................................... 20
Refusal to Renew.............................................. 21
Assignment ...................................................... 21
Subrogation ..................................................... 21
Death............................................................... 22

---

**YOUR DUTIES AFTER A LOSS**

Section I:

1. Protect the property from further damage.
2. Give prompt written notice to the company.
3. Call the police if a law has been broken.
4. Make a list of all damaged personal property, including costs.
5. If requested, obtain proof of loss form from your agent or the company and submit within 91 days of the request.

Section II:

1. Do not make any voluntary payment except for first aid to others at the time of the accident.
2. Give written notice to agent or company, including details about the accident and any witnesses.
3. Send copies of legal notices you receive to the company.
4. Help the company get the necessary information to make settlement.

FOR A COMPLETE LIST OF YOUR DUTIES SEE PAGES 9 AND 19 OF YOUR POLICY.

---



**Allstate**
You're in good hands.

# HOMEOWNERS FORM B

## AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

## DEFINITIONS

In this policy, "you" and "your" refer to the "named insured" shown on the declarations page and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance. In addition, certain words and phrases are defined as follows:

1. "Bodily injury" means bodily harm, sickness or disease. This includes required care, loss of services and death that results.

2. "Business" includes trade, profession or occupation.

3. "Business day," when used in this policy means a day other than a Saturday, Sunday or holiday recognized by the state of Texas.

4. "Insured" means you and residents of your household who are:

   a. your relatives; or

   b. other persons under the age of 21 and in the care of any person named above.

   Under Section II Liability, "insured" also means:

   c. any person or organization legally responsible for animals or watercraft to which this policy applies. You or a person included in 4.a. or 4.b. above must own the animal or watercraft. A person or organization using or having custody of these animals or watercraft without consent of the owner is not an insured.

   d. With respect to any vehicle to which this policy applies:

      (1) any employee of an insured while engaged in the employment of the insured; or

      (2) any other person using the vehicle on an insured location with your consent.

5. "Insured location" means:

   a. the residence premises.

   b. the part of other premises, other structures and grounds you use as a residence and:

      (1) which is shown on the declaration page; or

      (2) which you acquire during the policy period for your use as a residence.

   c. any premises you use in connection with a premises in 5.a. or 5.b. above.

   d. any part of a premises:

      (1) not owned by an insured; and

      (2) where an insured is temporarily residing.

   e. vacant land, other than farm land, owned by or rented to an insured.

HO-B

Page 2

PROP *11000420006015704583200б*



f.   land owned by or rented to an <u>insured</u> on which a one or two family dwelling is being built as a residence for an <u>insured</u>.

g.   individual or family cemetery plots or burial vaults of an <u>insured</u>.

h.   any part of a premises occasionally rented to an <u>insured</u> for other than <u>business</u> use.

6.   "<u>Occurrence</u>" means an accident, including exposure to conditions; which result in <u>bodily injury</u> or <u>property damage</u> during the policy period.

7.   "<u>Property damage</u>" means injury to, destruction of, or loss of use of property.

8.   "<u>Residence employee</u>" means an employee of an <u>insured</u> who performs duties related to the ownership, maintenance or use of the <u>residence premises,</u> including maintenance or use of a motor vehicle. This includes employees who perform similar duties elsewhere for an <u>insured</u>. This does not include employees while performing duties related to the <u>business</u> of an <u>insured</u>.

9.   "<u>Residence premises</u>" means the <u>residence premises</u> shown on the declarations page. This includes the one or two family dwelling, including other structures, and grounds where an <u>insured</u> resides or intends to reside within 60 days after the effective date of the policy.

---

## SECTION I — PROPERTY COVERAGE

**COVERAGE A (DWELLING)**

We cover:

1.   the dwelling on the <u>residence premises</u> shown on the declarations page including structures attached to the dwelling.

2.   other structures on the <u>residence premises</u> set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line or similar connection.

The total limit of liability for other structures is the limit of liability shown on the declaration page or 10% of the Coverage A (Dwelling) limit of liability, whichever is greater. This is additional insurance and does not reduce the Coverage A (Dwelling) limit of liability.

We do not cover other structures:

a.   used for business purposes; or

b.   wholly rented to any person, unless used solely as a private garage.

3.   wall to wall carpeting attached to a building on the <u>residence premises</u>.

**COVERAGE B (PERSONAL PROPERTY)**

We cover:

1.   a.   personal property owned, worn or used by an <u>insured</u> while on the <u>residence premises</u>. This includes window or wall air conditioning units.

b.   at your request, property of others while the property is on the part of the <u>residence premises</u> occupied by an <u>insured,</u>

2.   a.   personal property owned, worn or used by an <u>insured</u> anywhere in the world.

b.   at your request, personal property of a <u>residence employee</u> when:

(1)   the property is away from the residence premises of the <u>residence employee</u> and in the control of the <u>residence employee</u>; and

HO-B

**Allstate**
You're in good hands.

(2)  while the <u>residence employee</u> is performing work for you.

Our total limit of liability under 2.a. and 2.b. above is 10% of the Coverage B (Personal Property) limit of liability or $1000, whichever is greater. This is additional insurance and does not reduce the Coverage B (Personal Property) limit of liability.

**SPECIAL LIMITS OF LIABILITY.** These limits do not increase the Coverage B (Personal Property) limit of liability. The special limit for each numbered category below is the total limit for each loss for all property in that category.

1.  Money/Bank Cards. $100 on money or numismatic property or loss by theft or unauthorized use of bank fund transfer cards registered to an <u>insured</u>.

2.  Bullion/Valuable Papers. $500 on gold or silver bullion, manuscripts, notes, securities, stamps, philatelic property, accounts, bills, deeds, evidences of debt, letters of credit, passports, documents, transportation or other tickets.

3.  Jewelry/Watches/Furs. $500 for loss by theft of gems, watches, jewelry or furs.

4.  <u>Business</u> Personal Property. $2,500 on <u>business</u> property.

    We do not cover any <u>business</u> property:

    a.  that consists of samples or articles for sale or delivery; or

    b.  if the property is away from the <u>residence premises</u>.

**PROPERTY NOT COVERED.** We do not cover:

1.  articles separately described and specifically insured by this or other insurance.

2.  animals or birds.

3.  motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment.

    However, we do cover such vehicles which are not subject to motor vehicle registration and are:

    a.  devices and equipment for assisting the handicapped.

    b.  power mowers.

    c.  golf carts.

    d.  vehicles or machines used for recreational purposes while located on the <u>residence premises</u>.

    e.  farm equipment not designed for use principally on public roads.

4.  trailers, semi-trailers or mobile homes.

    However, we do cover:

    a.  trailers and semi-trailers that are designed for use principally off public roads.

    b.  boat trailers while on the <u>residence premises</u>.

5.  aircraft meaning any device used or designed for flight, except model or hobby aircraft not used or designed to carry people or cargo.

6.  watercraft, including outboard motors and furnishings or equipment.

    We do cover watercraft, including outboard motors and furnishings or equipment, while located on land on the <u>residence premises</u>.

7.  property of roomers and tenants.

HO-B

Page 4

PROP *11000420006015704S832007*


8. property usually rented to others off the residence premises.

## EXTENSIONS OF COVERAGE.

1. **DEBRIS REMOVAL.** We will pay your expense for the removal from the <u>residence premises</u> of:

   a. debris of covered property if a Peril Insured Against causes the loss.

   b. a tree that has damaged covered property if a Peril Insured Against causes the tree to fall.

   This does not increase the limit of liability that applies to the damaged property.

2. **LOSS OF USE.** If a loss caused by a Peril Insured Against under Section I makes the <u>residence premises</u> wholly or partially untenantable, we cover:

   a. additional living expense, meaning any necessary and reasonable increase in living expense you incur so that your household can maintain its normal standard of living.

   b. fair rental value, meaning the fair rental value of that part of the residence premises usually rented to other by you, less any expenses that do not continue.

   The total limit of liability for all loss of use is 20% of the Coverage A (Dwelling) limit of liability. This is additional insurance and does not reduce the Coverage A (Dwelling) limit of liability. The deductible clause does not apply to loss of use coverage.

   Payment will be for the reasonable time required to repair or replace the damaged property. If you permanently relocate, payment will be for the reasonable time required for your household to become settled.

The periods of time for loss of use are not limited by expiration of this policy.

3. **REASONABLE REPAIRS.** If a Peril Insured Against causes the loss, we will pay the reasonable cost you incur for necessary repairs made solely to protect covered property from further damage. This coverage does not increase the limit of liability that applies to the property being repaired.

4. **TREES, SHRUBS, PLANTS AND LAWNS.** We cover trees, shrubs, plants and lawns, on the <u>residence premises</u>, only for loss caused by the following Perils Insured Against: Fire or Lightning, Explosion, Aircraft, Vehicles not owned or operated by a resident of the <u>residence premises</u>. Vandalism and Malicious Mischief, Riot and Civil Commotion and Theft or attempted theft.

   The maximum limit of liability for this coverage is 5% of the Coverage A (Dwelling) limit of liability. We will not pay more than $250 for any one tree, shrub or plant, including the cost of removal. We do not cover property grown for <u>business</u> purposes.

   This is not additional insurance and does not increase the Coverage A (Dwelling) limit of liability. The deductible clause does not apply to trees, shrubs, plants and lawns.

5. **PROPERTY REMOVED.** We pay for expense and damage incurred in the removal of covered property from an <u>insured location</u> endangered by a Peril Insured Against. This coverage exists on a pro rata basis for 30 days at each location to which such property is removed for preservation. This is not additional insurance and does not increase the Coverage B (Personal Property) limit of liability.

6. **CONSEQUENTIAL LOSS.** We insure:

   a. property contained in a building on the <u>residence premises</u> against loss due to

HO-B

**Allstate**
You're in good hands.

change in temperature as a direct result of physical damage to the dwelling, or any equipment contained in the dwelling, caused by a Peril Insured Against. The deductible clause does not apply to this coverage.

b.    property contained in a building on the <u>residence premises</u> against a loss due to change in temperature as a direct result of physical damage to any power, heating or cooling equipment (including connections and supply pipes) not contained in or on the dwelling, caused by a Peril Insured Against.

The total limit of liability for the coverage described in 6.b. above is $500. This is not additional insurance and does not increase the Coverage B (Personal Property) limit of liability.

7.    AUTOMATIC REMOVAL. If you move from the <u>residence premises</u> shown on the declarations page to another location within the United States, to be occupied as your principal residence, we cover:

a.    the personal property under Coverage B (Personal Property) at each location in the proportion that the value at each location bears to the total value of all the personal property covered under Coverage B (Personal Property).

b.    property in transit up to 10% of the Coverage B (Personal Property) limit of liability or $1,000, whichever is greater.

We provide coverage for only 30 days from the date the removal begins.

---

## SECTION I—PERILS INSURED AGAINST

### COVERAGE A (DWELLING)

We insure against all risks of physical loss to the property described in Section I Property Coverage, Coverage A (Dwelling) unless the loss is excluded in Section I Exclusions.

### COVERAGE B (PERSONAL PROPERTY)

We insure against physical loss to the property described in Section I Property Coverage, Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.

1.    **Fire and Lightning.**

2.    **Sudden and Accidental Damage from Smoke.**

3.    **Windstorm, Hurricane and Hail.**

4.    **Explosion.**

5.    **Aircraft and Vehicles.**

6.    **Vandalism and Malicious Mischief.**

7.    **Riot and Civil Commotion.**

8.    **Collapse of Building** or any part of the building.

9.    **Accidental Discharge, Leakage or Overflow of Water or Steam** from within a plumbing, heating or air conditioning system or household appliance.

A loss resulting from this peril includes the cost of tearing out and replacing any part of the building necessary to repair or replace the system or appliance. But this does not include loss to the system or appliance from which the water or steam escaped.

Exclusions 1.a. through 1.h. under Section I Exclusions do not apply to loss caused by this peril.

HO-B                                                                                  Page 6



10. **Falling Objects.**

This peril does not include loss to property contained in a building unless the roof or outside wall of the building is first damaged by the falling object.

11. Freezing of household appliances.

12. Theft, including attempted theft and loss of property from a known place when it is likely that the property has been stolen.

## SECTION I — EXCLUSIONS

1.  The following exclusions apply to loss to property described under Coverage A (Dwelling) or Coverage B (Personal Property), but they do not apply to an ensuring loss caused by fire, smoke or explosion.

    a.  We do not cover loss to electrical devices or wiring caused by electricity other than lightning.

    b.  We do not cover loss caused by smog or by smoke from industrial or agricultural operations.

    c.  We do not cover loss caused by windstorm, hurricane or hail to:

        (1)  cloth awnings, greenhouses and their contents, buildings or structures located wholly or partially over water and their contents.

        (2)  radio and television towers, outside satellite dishes, masts and antennas, including lead-in wiring, windchargers and windmills.

        (3)  personal property contained in a building unless direct force of wind or hail makes an opening in a roof or wall and rain, snow, sand or dust enters through this opening and causes the damage.

    d.  We do not cover loss of the following property by theft, including attempted theft and loss of property from a known place

when it is likely that the property has been stolen.

        (1)  personal property while away from the residence premises at any other residence owned by, rented to or occupied by an insured, except while an insured is temporarily living there.

        (2)  building materials and supplies not on the residence premises.

    e.  We do not cover loss to machinery, appliances and mechanical devices caused by mechanical breakdown.

    f.  We do not cover loss caused by:

        (1)  wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself.

        (2)  rust, rot, mold or other fungi.

        (3)  dampness of atmosphere, extremes of temperature.

        (4)  contamination.

        (5)  rats, mice, termites, moths or other insects.

        We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building if the loss would otherwise be covered under this policy.

HO-B

**Allstate®**
You're in good hands.

g.  We do not cover loss caused by animals or birds owned or kept by an <u>insured</u> or occupant of the <u>residence premises</u>.

We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building if the loss would otherwise be covered under this policy.

h.  We do not cover loss under Coverage A (Dwelling) caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.

We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building if the loss would otherwise be covered under this policy.

i.  We do not cover loss caused by or resulting from flood, surface water, waves, tidal water or tidal waves, overflow of streams or other bodies of water or spray from any of these whether or not driven by wind.

We do cover an ensuing loss by theft or attempted theft or any act or attempted act of stealing.

j.  We do not cover loss caused by or resulting from freezing while the building is unoccupied unless you have used reasonable care to:

(1)  maintain heat in the building; or

(2)  shut off the water supply and drain plumbing, heating and air conditioning systems of water.

k.  We do not cover loss caused by earthquake, landslide or earth movement.

2.  **GOVERNMENTAL ACTION.**

We do not cover loss caused by the destruction of property by order of governmental authority.

But we do cover loss caused by acts of destruction ordered by governmental authority taken at the time of a fire to prevent its spread, if the fire would be covered under this policy.

3.  **BUILDING LAWS.**

We do not cover loss caused by or resulting from the enforcement of any ordinance or law regulating the construction, repair or demolition of a building or structure.

4.  **WAR DAMAGE.**

We do not cover loss resulting directly or indirectly from war. This includes undeclared war, civil war, insurrection, rebellion, revolution, warlike act by military personnel, destruction or seizure or use for military purpose, and any consequence of these. Discharge of a nuclear weapon will be deemed a warlike act even if accidental.

5.  **NUCLEAR DAMAGE.**

We do not cover loss resulting directly or indirectly from nuclear reaction, radiation or radioactive contamination, all whether controlled or uncontrolled or however caused. We cover direct loss by fire resulting from nuclear reaction, radiation or radioactive contamination.

HO-B

PROP *110004200080157045832009*

## SECTION I — DEDUCTIBLES

**DEDUCTIBLE CLAUSE 1 — WINDSTORM, HURRICANE, HAIL OR WIND DRIVEN RAIN —** The amount shown on the declarations page for Deductible Clause 1 will be deducted from the combined amount of each loss under Coverage A (Dwelling) and Coverage B (Personal Property) that results from windstorm, hurricane, hail or wind driven rain.

**DEDUCTIBLE CLAUSE 2 — ALL OTHER PERILS** — The amount shown on the declarations page

for Deductible Clause 2 will be deducted from the combined amount of each loss under Coverage A (Dwelling) and Coverage B (Personal Property), unless the loss results from windstorm, hurricane, hail or wind driven rain.

If a single event causes loss by windstorm, hurricane, hail or wind driven rain and loss by lightning, only the larger deductible will apply.

## SECTION I — CONDITIONS

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

   a. to the insured for more than the amount of the insured's interest at the time of loss; or

   b. for more than the applicable limit of liability.

   Each time there is a loss to any building insured under Coverage A (Dwelling), the amount of insurance applicable to that building for loss by fire will be reduced by the amount of the loss. As repairs are made, the amount of insurance will be reinstated up to the limit of liability shown on the declarations page.

   Article 6.13. Policy A Liquidated Demand. A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property.

2. **Residential Community Property Clause.** This policy, subject to all other terms and conditions, when covering residential community property, as defined by state law, shall remain in full force

and effect as to the interest of each spouse covered, irrespective of divorce or change of ownership between the spouses unless excluded by endorsement attached to this policy, until the expiration of the policy or until cancelled in accordance with the terms and conditions of this policy.

3. **Duties After Loss.**

   a. **Your Duties After Loss.** In case of a loss to covered property caused by a peril insured against, you must:

      (1) give prompt written notice to us of the facts relating to the claim.

      (2) notify the police in case of loss by theft.

      (3) (a) protect the property from further damage.

          (b) make reasonable and necessary repairs to protect the property.

          (c) keep an accurate record of repair expenses.

**Allstate®**
You're in good hands.

(4) furnish a complete inventory of damaged personal property showing the quantity, description and amount of loss. Attach all bills, receipts and related documents which you have that justify the figures in the inventory.

(5) as often as we reasonably require:

    (a) provide us access to the damaged property.

    (b) provide us with pertinent records and documents we request and permit us to make copies.

    (c) submit to examination under oath and sign and swear to it.

(6) send to us if we request, your signed sworn proof of loss within 91 days of our request on a standard form supplied by us. We must request a signed sworn proof of loss within 15 days after we receive your written notice, or we waive our right to require a proof of loss. Such waiver will not waive our other rights under this policy.

    (a) This proof of loss shall state, to the best of your knowledge and belief:

        (i) the time and cause of loss;

        (ii) the interest of the <u>insured</u> and all others in the property involved including all liens on the property.

        (iii) other insurance which may cover the loss.

        (iv) the actual cash value of each item of property and the amount of loss to each item.

    (b) If you elect to make claim under the Replacement Cost Coverage of this policy, this proof of loss shall also state, to the best of your knowledge and belief:

        (i) the replacement cost of the described dwelling.

        (ii) the replacement cost of any other building on which loss is claimed.

        (iii) the full cost of repair or replacement of loss without deduction for depreciation.

b. **Our Duties After Loss.**

(1) Within 15 days after we receive your written notice of claim, we must:

    (a) acknowledge receipt of the claim.

    If our acknowledgment of the claim is not in writing, we will keep a record of the date, method and content of our acknowledgement.

    (b) begin any investigation of the claim.

    (c) specify the information you must provide in accordance with "Your Duties After Loss" (item 3.a. above).

    We may request more information, if during the investigation of the claim such additional information is necessary.

(2) After we receive the information we request, we must notify you in writing whether the claim will be paid or has been denied or whether more information is needed:

HO-B

PROP *11000420006015704583201O*


(a)   within 15 business days; or

(b)   within 30 days if we have reason to believe the loss resulted from arson.

(3)   If we do not approve payment of your claim or require more time for processing your claim, we must:

(a)   give the reasons for denying your claim; or

(b)   give the reasons we require more time to process your claim. But, we must either approve or deny your claim within 45 days after requesting more time.

4.   **Loss Settlement.** Covered property losses are settled as follows:

a.   Our limit of liability and payment for covered losses to personal property, wall to wall carpeting, cloth awnings and fences will not exceed the smallest of the following:

(1)   the actual cash value at the time of loss determined with proper deduction for depreciation.

(2)   the cost to repair or replace the damaged property with material of like kind and quality, with proper deduction for depreciation; or

(3)   the specified limit of liability of the policy.

b.   Our limit of liability for covered losses to dwelling and other structure(s) under Coverage A (Dwelling), except wall to wall carpeting, cloth awnings and fences, will be at replacement cost settlement subject to the following:

(1)   If, at the time of loss, the Coverage A (Dwelling) limit of liability is 80% or more of the full replacement cost of the dwelling, we will pay the repair or replacement cost of the damaged building structure(s), without deduction for depreciation.

(2)   If, at the time of loss, the Coverage A (Dwelling) limit of liability is less than 80% of the full replacement cost of the dwelling, we will pay only a proportionate share of the full replacement cost of the damaged building structure(s). Our share is equal to:

$$\text{Replacement Cost of the Loss} \times \frac{\text{Coverage A (Dwelling) Limit of Liability}}{80\% \text{ of Replacement Cost of the Dwelling}}$$

(3)   If, at the time of loss, the actual cash value of the damaged building structure(s) is greater than the replacement cost determined under (1) or (2) above, we will pay the actual cash value up to the applicable limit of liability.

In determining the amount of insurance required to equal 80% of the full replacement cost of the dwelling, do not include the value of excavations, underground pipes, and wiring and foundations which are below the surface of the ground.

We will pay only the actual cash value of the damaged building structure(s) until repair or replacement is completed. Repair or replacement must be completed within 365 days after loss unless you request in writing that this time limit be extended for an additional 180 days. Upon completion of repairs or replacement, we will pay the additional amount claimed under

HO-B

**Allstate**
You're in good hands.

replacement cost coverage, but our payment will not exceed the smallest of the following:

(1) the limit of liability under this policy applicable to the damaged or destroyed building structure(s);

(2) the cost to repair or replace that part of the building structure(s) damaged, with material of like kind and quality and for the same use and occupancy on the same premises; or

(3) the amount actually and necessarily spent to repair or replace the damaged building structure(s).

5. **Loss to a Pair or Set.** In case of loss to an item which is part of a pair or set, the measure of loss shall be a reasonable and fair proportion of the total value of the pair or set. The importance of the item will be considered in assessing the loss. Such loss will not be considered a total loss of the pair or set.

6. **Salvage Rights.** If we notify you that we will pay your claim or part of your claim, the notice must also state whether we will or will not take all or any part of the damaged property. We must bear the expense of our salvage rights.

7. **Appraisal.** If you and we fail to agree on the actual cash value, amount of loss, or cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will than set the amount of loss, stating separately the actual cash value and loss to each item. If you or we

request that they do so, the appraisers will also set:

a. the full replacement cost of the dwelling.

b. the full replacement cost of any other building upon which loss is claimed.

c. the full cost of repair or replacement of loss to such building, without deduction for depreciation.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

8. **Loss Payment.**

a. If we notify you that we will pay your claim, or part of your claim, we must pay within 5 business days after we notify you.

b. If payment of your claim or part of your claim requires the performance of an act by you, we must pay within 5 business days after the date you perform the act.

9. **Catastrophe Claims.**

If a claim results from a weather related catastrophe or a major natural disaster, each claim handling deadline shown under the Duties After Loss and Loss Payment provisions is extended for an additional 15 days.

Catastrophe or Major Natural Disaster means a weather related event which:

a. is declared a disaster under the Texas Disaster Act of 1975; or

HO-B

Page 12

PROP *11000420006015704583201 1*


b.  is determined to be a catastrophe by the State Board of Insurance.

10. **Other Insurance — Section I.** Other insurance is permitted on property covered by this policy, but other insurance covering the dwelling is not permitted. If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

11. **Suit Against Us.** No suit or action can be brought unless the policy provisions have been complied with. Action brought against us must be started within two years and one day after the cause of action accrues.

12. **Abandonment or Property.** There can be no abandonment of property to us.

13. **Vacancy.** If the insured moves from the dwelling and a substantial part of the personal property is removed from that dwelling, the dwelling will be considered vacant. Coverage that applies under Coverage A (Dwelling) will be suspended effective 60 days after the dwelling becomes vacant. The coverage will remain suspended during such vacancy.

14. **Mortgage Clause (without contribution).**

a.  The word "mortgagee" includes trustee.

b.  We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown on the declarations page as interests appear.

c.  The mortgagee has the right to receive loss payment even if the mortgagee has started foreclosure or similar action on the building or structure.

d.  If we deny your claim because of your acts or because you have failed to comply with the terms of this policy, the mortgagee has

the right to receive loss payment if the mortgagee:

(1)  at our request, pays any premiums due under this policy, if you have failed to do so.

(2)  submits a signed, sworn statement of loss within 91 days after receiving notice from us of your failure to do so.

(3)  has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgagee.

All of the terms of this policy will then apply directly to the mortgagee. Failure of the mortgagee to comply with d.(1), d.(2) or d.(3) above shall void this policy as to the interest of the mortgagee.

e.  If we pay the mortgagee for any loss or damage and deny payment to you because of your acts or because you failed to comply with the terms of this policy:

(1)  the mortgagee's rights under the mortgage will be transferred to us to the extent of the amount we pay.

(2)  the mortgagee's right to recover the full amount of the mortgagee's claim will not be impaired.

At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, your mortgage and note will be transferred to us and you will pay your remaining mortgage debt to us.

f.  If this policy is cancelled, we will give the mortgagee specifically named on the declarations page written notice of cancellation.

HO-B

Page 13

**Allstate**
You're in good hands.

If we cancel the policy, we will give the mortgagee the same number of days notice of cancellation we give to you.

If you cancel the policy, we will give the mortgagee notice of cancellation to be effective on the date stated in the notice. The date of cancellation cannot be before the 10th day after the date we mail the notice.

We will not give notice of cancellation to any successor or assignee of the mortgagee named in this policy.

g.  If the property described under Coverage A (Dwelling) is foreclosed upon under the deed of trust, the mortgagee may cancel this policy of insurance and will be entitled to any unearned premiums from this policy.

The mortgagee must credit any unearned premium against any deficiency owed by the borrower and return any unearned premium not so credited to the borrower. The unearned premium will be figured using the customary pro rata procedures.

h.  If we elect not to renew the policy, the mortgagee specifically named on the declarations page will be given 30 days written notice of the non-renewal.

15.  **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage for the benefit of a person or organization holding, storing or moving property for a fee.

---

## SECTION II — LIABILITY COVERAGE

**COVERAGE C (Personal Liaibility)**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1.  pay up to our limit of liability for the damages for which the **insured** is legally liable. Damages include pre-judgment interest awarded against the **insured;** and

2.  provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

**COVERAGE D (Medical Payments to Others)**

We will pay the necessary medical expenses incurred or medically determined within three years from the date of an accident causing **bodily injury**. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital,

professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household. This coverage does apply to **residence employees**. As to others, this coverage applies only:

1.  to a person on the **insured location** with the permission of an **insured**.

2.  to a person off the **insured location**, if the **bodily injury**:

    a.  arises out of a condition on the **insured location** or the ways immediately adjoining.

    b.  is caused by the activities of an **insured**.

    c.  is caused by a **residence employee** in the course of the **residence employee's** employment by an **insured**.

    d.  is caused by an animal owned by or in the care of an **insured**.

HO-B

Page 14

PROP *11000420006015704583201 2*


## SECTION II — EXCLUSIONS

1. **Coverage C (Personal Liability) and Coverage D (Medical Payments to Others) do not apply to:**

   a. <u>bodily injury</u> or <u>property damage</u> which is caused intentionally by or at the direction of the <u>insured</u>;

   b. <u>bodily injury</u> or <u>property damage</u> arising out of or in connection with a <u>business</u> engaged in by an <u>insured</u>. But this exclusion does not apply to activities which are ordinarily incidental to non-business pursuits.

   c. <u>bodily injury</u> or <u>property damage</u> arising out of the rental or holding for rental of any part of any premises by an <u>insured</u>. This exclusion does not apply to the rental or holding for rental of an <u>insured location</u>:

      (1) on an occasional basis if used only as a residence.

      (2) in part for use only as a residence, unless a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders.

      (3) in part, as an office, school or studio.

      (4) if the rental is for not more than three car spaces or stalls in garages or stables.

   d. <u>bodily injury</u> or <u>property damage</u> arising out of the rendering of or failure to render professional services.

   e. <u>bodily injury</u> or <u>property damage</u> arising out of a premises:

      (1) owned by an <u>insured</u>;

      (2) rented to an <u>insured</u>; or

      (3) rented to others by an <u>insured</u>;

      that is not an <u>insured location</u>.

      This exclusion does not apply to <u>bodily injury</u> to a <u>residence employee</u> arising out of and in the course of the <u>residence employee's</u> employment by an <u>insured</u>.

   f. <u>bodily injury</u> or <u>property damage</u> arising out of the ownership, maintenance, operation, use, loading or unloading of:

      (1) motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment;

      (2) trailers, semi-trailers or mobile homes;

      which are owned or operated by or rented or loaned to an <u>insured</u>.

      However, this exclusion does not apply to:

      (1) motor vehicles which are not subject to motor vehicle registration and are:

         (a) used for assisting the handicapped.

         (b) used to service an <u>insured location</u>.

         (c) golf carts while on the <u>residence premises</u> or used for golfing purposes.

         (d) designed and used for recreational purposes, and are:

            (i) not owned by an <u>insured</u>; or

HO-B

**Allstate®**
You're in good hands.

(ii) owned by an <u>insured</u> while on the <u>residence premises</u>.

(e) in dead storage on the <u>residence premises</u>.

(f) used exclusively on the <u>residence premises</u>.

(2) trailers or semi-trailers while not being towed by or carried on a motor vehicle.

This exclusion does not apply to <u>bodily injury</u> to a <u>residence employee</u> arising out of and in the course of the <u>residence employee's</u> employment by an <u>insured</u>.

g. <u>bodily injury</u> or <u>property damage</u> arising out of the ownership, maintenance, operation, use, loading or unloading of watercraft:

(1) with inboard or inboard-outdrive motor power of more than 50 horsepower owned by or rented to an <u>insured</u>.

(2) powered by one or more outboard motors with more than 25 total horsepower if the outboard motor is owned by an <u>insured</u>. But, outboard motors of more than 25 total horsepower are covered for the policy period if:

(a) you acquire them prior to the policy period and:

(i) you declare them at policy inception; or

(ii) your intention to insure is reported to us in writing within 45 days after you acquire the outboard motors.

(b) you acquire them during the policy period.

(3) that is a sailing vessel, with or without auxiliary power, which is 26 feet or more in length owned by or rented to an <u>insured</u>.

This exclusion does not apply while the watercraft is on the <u>residence premises</u>.

This exclusion does not apply to <u>bodily injury</u> to a <u>residence employee</u> arising out of and in the course of the <u>residence employee's</u> employment by an <u>insured</u>.

h. <u>bodily injury</u> or <u>property damage</u> arising out of the ownership, maintenance, operation, use, loading or unloading of aircraft.

Aircraft means any device used or designed for flight, except model or hobby aircraft not used or designed to carry people or cargo.

This exclusion does not apply to <u>bodily injury</u> to a <u>residence employee</u> arising out of and in the course of the <u>residence employee's</u> employment by an <u>insured</u>.

i. <u>bodily injury</u> or <u>property damage</u> arising out of:

(1) the entrustment by an <u>insured</u> to any person; or

(2) the negligent supervision by an <u>insured</u> of any person;

with regard to the ownership, maintenance or use of any motor vehicle, watercraft or aircraft which is excluded in paragraph f., g. or h. above.

This exclusion does not apply to <u>bodily injury</u> to a <u>residence employee</u> arising out of and in the course of the <u>residence employee's</u> employment by an <u>insured</u>.

HO-B

Page 16

PROP *11000420006015704583201 3*


j.  bodily injury or property damage caused directly or indirectly by war. This includes undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for military purpose, and any consequence of these. Discharge of a nuclear weapon will be deemed a warlike act even if accidental.

k.  bodily injury or property damage arising out of the transmission of sickness or disease by an insured through sexual contact.

l.  bodily injury to any person eligible to receive any benefits voluntarily provided or required to be provided by an insured under any workers' compensation law or occupational disease law.

2.  Coverage C (Personal Liability) does not apply to:

a.  liability under any contract or agreement.

However, this exclusion does not apply to written contracts:

(1)  that directly relate to the ownership, maintenance or use of an insured location; or

(2)  where the liability of others is assumed by an insured;

unless excluded elsewhere in this policy.

b.  property damage to property owned by an insured.

c.  property damage to property rented to, occupied or used by or in the care of an insured.

This exclusion does not apply to property damage caused by fire, smoke or explosion.

d.  bodily injury or property damage for which an insured under this policy is also an insured under a nuclear energy liability policy or would be an insured under that policy but for the exhaustion of its limit of liability.

A nuclear energy liability policy is one issued by American Nuclear Insurers, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada.

e.  bodily injury to you or an insured within the meaning of part a. or part b. of insured as defined.

3.  Coverage D (Medical Payments to Others) does not apply to:

a.  bodily injury to a residence employee if the bodily injury:

(1)  occurs off the insured location; and

(2)  does not arise out of or in the course of the residence employee's employment by an insured.

b.  bodily injury to any person, other than a residence employee of an insured, regularly residing on any part of the insured location.

HO-B

**Allstate**
You're in good hands.

## SECTION II — ADDITIONAL COVERAGES

We cover the following in addition to the limits of liability:

1.  **Claim Expenses. We pay:**

    a.  expenses we incur and costs taxed against an insured in any suit we defend.

    b.  premiums on bonds required in a suit we defend but not for bond amounts more than the limit of liability for Coverage C (Personal Liability). We need not apply for or furnish any bond.

    c.  reasonable expenses incurred by an insured at our request, including actual loss of earnings (but not loss of other income) up to $50 per day, for assisting us in the investigation or defense of a claim or suit.

    d.  interest on the entire judgment which accrues after entry of the judgment and before we pay or tender, or deposit in court that part of the judgment which does not exceed the limit of liability that applies.

2.  **Imperative Medical Expense to Others. We pay** expenses incurred by an insured for immediate medical and surgical relief to others if imperative at the time of the accident.

3.  **Damage to Property of Others. We pay** replacement cost up to $500 per occurrence for

property damage to property of others caused by an insured.

We do not pay for property damage:

a.  caused intentionally by an insured who is 13 years of age or older.

b.  to property owned by an insured.

c.  to property owned by or rented to a tenant of an insured or a resident in your household.

d.  arising out of:

    (1)  a business engaged in by an insured.

    (2)  any act or omission in connection with a premises owned, rented or controlled by an insured, other than the insured location.

    (3)  the ownership, maintenance, use, loading or unloading of aircraft, watercraft or motor vehicles or all other motorized land conveyances.

This exclusion does not apply to any motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and not owned by an insured.

## SECTION II — CONDITIONS

1.  **Limit of Liability. The limit of liability for** Coverage C (Personal Liability) shown on the declarations page is our total liability under Coverage C (Personal Liability) for all damages resulting from any one occurrence. This limit is

the same regardless of the number of insureds, claims made or persons injured.

The limit of liability for Coverage D (Medical Payments to Others) shown on the declarations page is our total liability under Coverage D

**HO-B**

**Page 18**

PROP *11000420006015704583201 4*


(Medical Payments to Others) for all medical expense payable for bodily injury to one person as the result of one accident. The total limit of our liability for all expenses payable to two or more persons injured in one accident is $25,000.

2. **Severability of Insurance.** This insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence.

3. **Duties After Loss.** In case of an accident or occurrence, the insured will perform the following duties that apply or will help us by seeing that these duties are preformed:

    a.    Give written notice to us or our agent as soon as is practical, which sets forth:

        (1)    the identity of the policy and insured.

        (2)    reasonably available information on the time, place and circumstances of the accident or occurrence.

        (3)    names and addresses of any claimants and witnesses.

    b.    Promptly forward to us every notice, demand, summons or other process relating to the accident or occurrence.

    c.    At our request, help us:

        (1)    to make settlement.

        (2)    to enforce any right of contribution or indemnity against any person or organization who may be liable to an insured.

        (3)    with the conduct of suits, including attending hearings and trials.

        (4)    to secure evidence and obtain the attendance of witnesses.

    d.    The insured will not, except at the insured's own cost, voluntarily make payment, assume obligation or incur expense other than for immediate medical and surgical relief to others at the time of the bodily injury.

4. **Duties of an Injured Person—Coverage D (Medical Payments to Others).**

    The injured person or someone acting for the injured person will:

    a.    give us written proof of claim, under oath if required, as soon as is practical.

    b.    authorize us to obtain copies of medical reports and records.

    The injured person will submit to a physical exam by a doctor or our choice when and as often as we reasonably require.

5. **Payment of Claim—Coverage D (Medical Payments to Others).** Payment under this coverage is not an admission of liability by an insured or us.

6. **Suit Against Us.** No action can be brought against us unless there has been compliance with the policy provisions.

    No one will have the right to join us as a party to any action against an insured. Also, no action with respect to Coverage C (Personal Liability) can be brought against us until the obligation of the insured has been determined by final judgment or agreement.

    Under Coverage D (Medical Payment to Others), no action can be brought until 30 days after the required proofs of claim have been filed with us.

7. **Bankruptcy of the Insured.** Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this policy.

HO-B

**Allstate®**
You're in good hands.

8. **Other Insurance — Section II.** If the <u>insured</u> has other insurance under Coverage C (Personal Liability), we will not be liable for a greater proportion of a loss than the limit of liability shown on the declarations page bears to the total limit of all valid and collectible insurance against such loss.

However, with respect to loss arising out of the ownership, maintenance, operation, use, loading or unloading of:

a. any motor vehicle or recreational vehicle at the <u>residence premises</u>; or

b. watercraft,

this policy will not apply to the extent that any valid and collectible insurance is available to the <u>insured</u>.

9. **Notice of Settlement of Liability Claim.**

a. We will notify the <u>insured</u> in writing of any initial offer to compromise or settle a claim against the <u>insured</u> under the liability section of this policy. We will give the <u>insured</u> notice within 10 days after the date the offer is made.

b. We will notify the <u>insured</u> in writing of any settlement of a claim against the <u>insured</u> under the liability section of this policy. We will give the <u>insured</u> notice within 30 days after the date of the settlement.

---

## SECTION I AND II — CONDITIONS

1. **Policy Period.** This policy applies only to loss in Section I or <u>bodily injury</u> or <u>property damage</u> in Section II which occurs during the policy period stated on the declarations page.

2. **Concealment or Fraud.** This policy is void as to you and any other <u>insured</u>, if you or any other <u>insured</u> under this policy has intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance, whether before or after a loss.

3. **Liberalization Clause.** If the State Board of Insurance adopts a revision which would broaden or extend the coverage under this policy without additional premium within 45 days prior to or during the policy period, the broadened or extended coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** Changes in this policy may be made and perils added only by attaching a written endorsement

properly executed by our authorized agent. No provision of this policy may be waived unless the terms of this policy allow the provision to be waived. Our request for an appraisal or examination will not waive any of our rights.

5. **Cancellation.**

a. You may cancel this policy at any time by notifying us of the date cancellation is to take effect. We will send you any refund due when the policy is returned to us.

b. We may cancel this policy for the reasons stated in this condition by mailing you notice in writing of the date cancellation takes effect.

   (1) If this policy has been in effect for less than 90 days and is not a renewal policy, we may cancel this policy for any reason.

   The effective date of cancellation cannot be before:

HO-B

PROP *11000420006015704583201S*


(a) the 10th day after we mail notice if we cancel for non-payment of premium.

(b) the 30th day after we mail notice if we cancel for any other reason.

(2) If this policy has been in effect 90 days or more, we may not cancel this policy unless:

(a) you do not pay the premium or any portion of the premium when due.

(b) the State Board of Insurance determines that continuation of the policy would violate the Texas Insurance Code or any other laws governing the business of insurance in this state.

(c) you submit a fraudulent claim.

(d) there is an increase in hazard covered by this policy that is within your control and that would produce an increase in the premium/rate of this policy.

The effective date of cancellation cannot be before the 10th day after we mail the notice. Our notice of cancellation must state the reason for cancellation.

c. If we cancel, our notice to you will state that if the refund is not included with the notice, it will be returned on demand.

d. We may not cancel this policy solely because you are an elected official.

6. **Refusal to Renew.**

a. We may not refuse to renew this policy because of claims for losses resulting from natural causes.

b. We may not refuse to renew this policy solely because you are an elected official.

c. We may refuse to renew this policy if you have filed three or more claims under the policy in any three year period that do not result from natural causes.

If you have filed two claims in a period of less than three years, we may notify you in writing, that if you file a third claim during the three year period, we may refuse to renew this policy by providing you proper notice of our refusal to renew as provided in d. below. If we do not notify you after the second claim, we may not refuse to renew this policy because of losses.

A claim does not include a claim that is filed but is not paid or payable under the policy.

d. If we refuse to renew this policy, we must deliver to you, or mail to you at your mailing address shown on the declarations page and any mortgagee named in the declarations page, written notice of our refusal to renew not later than the 30th day before the date on which this policy expires. Proof of mailing will be sufficient proof of notice. If we fail to give you proper notice of our decision not to renew, you may require us to renew the policy.

7. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

8. **Subrogation.** An <u>insured</u> may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

HO-B



If an assignment is sought, an _insured_ must sign and deliver all related papers and cooperate with us.

Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

9.  **Death.** If the named insured dies, we insure:

    a.  the named insured's spouse, if a resident of the same household at the time of death.

    b.  the legal representative of the deceased. However, if this legal representative was not an _insured_ at the time of death of the named insured, this policy will apply to such legal representative only with respect to the premises of the original named insured.

    c.  any person who is an _insured_ at the time of such death, while a resident of said premises.

HO-B

PROP *1100042000601570458320I6*


Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 6.002.01

No. 2002-03-001287-A

COPY

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE TEXAS LLOYD'S
    CT CORPORATION SYSTEM
    350 NORTH SAINT PAUL STREET
    DALLAS, TEXAS 75201

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION       was filed on  MARCH 28, 2002  .  A copy of same accompanies this citation.

The file number of said suit being No. 2002-03-001287-A.

The style of the case is:

TRACEY ODEM AND ROBIN ODEM
VS.
ALLSTATE TEXAS LLOYD'S

CERTIFICATE OF DELIVERY OF MAIL

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

I hereby certify that on the 28th of

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

MARCH  2002,  I mailed to

ALLSTATE TEXAS LLOYD'S

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

CERTIFIED MAIL NO.  1700904238

RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

NAME OF PREPARER          TITLE

ADDRESS

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

CITY          STATE          ZIP

BY _____ , Deputy

h:/ljg/23100901/answer
LJG/sjj

## CAUSE NO. 2002-03-1287-A

| TRACEY ODEM and | § | IN THE DISTRICT COURT |
| ROBIN ODEM | § | |
| | § | |
| VS. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, ALLSTATE TEXAS LLOYD'S, and without waiving any of it's defenses under the contract of insurance in question and still insisting upon any policy conditions, exclusions and other policy defenses that it may now have or may arise in the future, files this, its Original Answer to Plaintiffs' Petition, and would show the Court as follows:

I.

Defendant hereby exercises its right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

II.

Defendant generally denies the matters pled by Plaintiffs, as provided by Rule 92 of the Texas Rules of Civil Procedure, and asks that these matters be properly decided by this Honorable Court and Jury.

III.

Further answering, Defendant asserts affirmatively that Plaintiffs have not complied with the terms and policies of the policy of insurance in question and have not complied with the conditions precedent to bringing this suit pertaining to the policy of insurance mentioned in Plaintiffs' Original Petition.

IV.

Without waiving the generality of the foregoing, by way of affirmative defenses, if such be necessary, Defendant shows the following:

A.      Plaintiffs failed to mitigate damages in violation of the common law and the insurance policy.  Further, such conduct violated the insurance policy which requires Plaintiffs to:

1.      Protect the property from further damage;

2.      Make reasonable and necessary repairs to protect the property; and

3.      Keep an accurate record of repair expenses.

B.      Defendant is not responsible for mold infestation or other damage which occurred prior to the policy period in question.   The policy "[a]pplies only to loss…which occurs during the policy period stated on the declarations page."

C.      Defendant denies liability for all damages not covered by the policy. Additionally, under the doctrine of concurrent causation, Defendant is only liable for that portion of the loss caused by a covered peril.  The Plaintiffs have the burden of proof of segregating the damage between covered and non-covered perils.  In this regard, all or part of the loss may be due to excluded perils, including the following:

1.      Wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself..

2.      Rust, rot, mold or other fungi not due to accidental discharge, leakage or overflow of water from within a plumbing, heating or air conditioning system.

3.      Loss resulting from surface water.

It is Defendant's position that some or all of the damages at issue were caused by the foregoing excluded perils.  To the extent that the damage was caused by a combination of the

foregoing excluded perils and covered perils, including accidental discharge, leakage or overflow of water from within a plumbing, heating or air conditioning system, Plaintiffs have the burden of proof of segregating which portion of the damage is caused by the covered peril.

D.      Defendant denies that the mold was a proximate cause of the personal injuries alleged by Plaintiffs.

E.      Defendant states that there is no coverage for personal injuries under the subject policy at issue in this case.

E.      Defendant is entitled to all credits and offsets allowed under the laws of the State of Texas, including but not limited to the payments made during the claims.   Additionally, Defendant is entitled to a credit and/or offset for all payments made for additional living expenses, which have been paid to date.

F.      Defendant specially pleads the limitation provision of § 41.001 et seq. of the Texas Civil Practice & Remedies Code setting a limitation on an award of punitive damages.

G.      Defendant relied upon information provided by third-parties in making coverage decisions in this case.

H.      Defendant denies violations of the D.T.P.A. and Texas Insurance Code and further denies knowing violations.   Absent knowing violations of the D.T.P.A. and Insurance Code, Plaintiffs are not entitled to mental anguish damages in this case.

I.      Plaintiffs are not entitled to punitive damages in this case under the standards enunciated by the Texas Supreme Court in Transportation Insurance Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994).

J.      Pursuant to the one satisfaction rule, regardless of the number of claims, Plaintiffs' recovery, if any, which is denied, is limited to the value of the residence.

WHEREFORE, PREMISES CONSIDERED, Defendant prays Judgment of the Court and for such other and further relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
State Bar No. 08093450

ATTORNEY FOR DEFENDANT,
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this _____ day of _____, 2002:

Mr. Reynaldo Ortiz
Ms. Gina Karam Millin
LAW OFFICES OF REYNALDO ORTIZ, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504


_____
LARRY J. GOLDMAN

## VERIFICATION

STATE OF TEXAS        §
                                §
COUNTY OF BEXAR    §

      BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE TEXAS LLOYD'S, Defendant in the above-entitled and numbered cause; that he has read the above Defendant's Original Answer; and that the allegations contained therein are within his personal knowledge and are true and correct.

 

_____

LARRY J. GOLDMAN, Affiant

 

      SUBSCRIBED AND SWORN TO BEFORE ME, on this the 16th day of April, 2002, to certify which witness my hand and official seal.

NOTARY PUBLIC, STATE OF TEXAS

Sandy J. Johnston
Notary Public, State of Texas
My Commission Expires
FEBRUARY 23, 2005

h:/ljg/23100901/jury demand
LJG/sjj

## CAUSE NO. 2002-03-1287-A

TRACEY ODEM and § IN THE DISTRICT COURT
ROBIN ODEM §
§
VS. § 107TH JUDICIAL DISTRICT
§
ALLSTATE TEXAS LLOYD'S § CAMERON COUNTY, TEXAS

## <u>DEFENDANT'S JURY DEMAND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, ALLSTATE TEXAS LLOYD'S, and respectfully requests that

this case be tried in front of a jury and herewith tenders the $30.00 jury fee.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
State Bar No. 08093450

ATTORNEY FOR DEFENDANT,
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this _____ day of _____, 2002:

Mr. Reynaldo Ortiz
Ms. Gina Karam Millin
LAW OFFICES OF REYNALDO ORTIZ, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504


_____
LARRY J. GOLDMAN

# EXHIBIT "B"

LAW OFFICES OF

# ADAMI, GOLDMAN & SHUFFIELD

INCORPORATED

GRANT E. "TRES" ADAMI, III
LARRY J. GOLDMAN*
E. WAYNE SHUFFIELD
ROBERT F. SCHEIHING
DOUGLAS E. PENNEBAKER
MARTIN J. PHIPPS
R. SCOTT WESTLUND

*BOARD CERTIFIED
   PERSONAL INJURY TRIAL LAW
   TEXAS BOARD OF LEGAL SPECIALIZATION
‡OF COUNSEL

NOWLIN BUILDING
9311 SAN PEDRO, SUITE 900
SAN ANTONIO, TEXAS 78216
TELEPHONE: (210) 344-0500
TELECOPY: (210) 344-7228

WILLIAM N. ALLAN, IV
KEVIN S. BAKER
DAVID L. CHUMBLEY
STUART D. COLBURN‡
MICHELLE M. COPELAND
HUGH R. JONS, JR.
ANDREW R. KUNAU
LEEANNA GAINER MASK
JACKIE J. SPARKS

WEBSITE: www.agslaw.com

April 17, 2002

**VIA TELEFAX**
Mr. Reynaldo Ortiz
Ms. Gina Karam Millin
LAW OFFICE OF REYNALDO ORTIZ, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504

      RE:   Cause No. 2002-03-1287-A; Tracey Odem and Robin Odem, In the 107th Judicial
           District Court of Cameron County, Texas.
           Our File No. 23100.901

Dear Counsel:

      Enclosed please find Defendant, Allstate Texas Lloyd's proposed stipulation of which I request that you consider and indicate your agreement or disagreement by signing in the appropriate space provided at the end of the stipulation. As soon as you have signed the stipulation in the appropriate space, please return it to me by facsimile transmission for filing with the Court in this matter.

      Please note, however, that if I have not received in my office your signed response to the attached stipulation by **Friday, April 19, 2002 at 2:00 p.m.,** I will assume that you are taking the position that the amount in controversy exceeds $75,000, exclusive of interest and costs.

      If you should have any questions, please feel free to call me.

                    Very truly yours,

                    *for LJg*

                    Larry J. Goldman

LJG/HRJ/hc
Enclosure
/h/ljg/23100901/plt-atty.ltr

h:/ljg/23100901/stipulation
04-17-02/HRJ/hc

CAUSE NO. 2002-03-1287-A

| | | |
|---|---|---|
| TRACEY ODEM and | § | IN THE DISTRICT COURT |
| ROBIN ODEM | § | |
| | § | |
| VS. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | CAMERON COUNTY, TEXAS |

## STIPULATION

TO THE HONORABLE JUDGE OF SAID COURT:

TRACEY ODEM and ROBIN ODEM, Plaintiffs, and ALLSTATE TEXAS LLOYD'S, Defendant, stipulate and agree that the amount in controversy in the above-styled and numbered cause does not exceed the sum or value of $75,000, exclusive of interest and costs. Specifically, Plaintiffs, TRACEY ODEM and ROBIN ODEM, and Defendant, ALLSTATE TEXAS LLOYD'S, stipulate and agree that the "amount in controversy" includes any and all damages, exclusive of interest and costs, of which Plaintiffs seek to recover by and through the lawsuit filed on March 28, 2002 in the 107th Judicial District Court, Cameron County, Texas, Texas entitled *Tracey Odem and Robin Odem v. Allstate Texas Lloyd's* as cause number 2002-03-1287-A.

Plaintiffs, TRACEY ODEM and ROBIN ODEM, and Defendant, ALLSTATE TEXAS LLOYD'S, understand that this stipulation will be filed with the Court and understand that the stipulation will bind the parties in the above-referenced lawsuit to the terms stated herein.

| AGREED TO BY: | DISAGREED TO BY: |
|---|---|
| LAW OFFICE OF REYNALDO ORTIZ | LAW OFFICE OF REYNALDO ORTIZ |
| 1109 W. Nolana, Suite 204 | 1109 W. Nolana, Suite 204 |
| McAllen, Texas  78504 | McAllen, Texas  78504 |
| Telephone:    (956) 687-4567 | Telephone:    (956) 687-4567 |
| Telecopier:   (956) 631-1384 | Telecopier:   (956) 631-1384 |

By:_____          By:_____

      REYNALDO ORTIZ                        REYNALDO ORTIZ

      State Bar No. 15324275            State Bar No. 15324275

      GINA KARAM MILLIN              GINA KARAM MILLIN

      State Bar No.  24011072           State Bar No.  24011072

ATTORNEY FOR PLAINTIFFS              ATTORNEY FOR PLAINTIFFS

ADAMI, GOLDMAN & SHUFFIELD        ADAMI, GOLDMAN & SHUFFIELD

Nowlin Building                           Nowlin Building

9311 San Pedro, Suite 900               9311 San Pedro, Suite 900

San Antonio, Texas  78216               San Antonio, Texas  78216

Telephone: (210) 344-0500              Telephone: (210) 344-0500

Telecopier: (210) 344-7228             Telecopier: (210) 344-7228

By:_____          By:_____

      LARRY J. GOLDMAN             LARRY J. GOLDMAN

      State Bar No. 08093450            State Bar No. 08093450

      HUGH R. JONS, JR.               HUGH R. JONS, JR.

      State Bar No.  24032602           State Bar No.  24032602

ATTORNEY FOR DEFENDANT            ATTORNEY FOR DEFENDANT

LAW OFFICES OF

# ADAMI, GOLDMAN & SHUFFIELD

INCORPORATED

GRANT E. "TRES" ADAMI, III
LARRY J. GOLDMAN*
E. WAYNE SHUFFIELD
ROBERT F. SCHEIHING
DOUGLAS E. PENNEBAKER
MARTIN J. PHIPPS
R. SCOTT WESTLUND

*BOARD CERTIFIED
  PERSONAL INJURY TRIAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION
‡OF COUNSEL

NOWLIN BUILDING
9311 SAN PEDRO, SUITE 900
SAN ANTONIO, TEXAS 78216
TELEPHONE: (210) 344-0500
TELECOPY: (210) 344-7228

WILLIAM N. ALLAN, IV
KEVIN S. BAKER
DAVID L. CHUMBLEY
STUART D. COLBURN‡
MICHELLE M. COPELAND
HUGH R. JONS, JR.
ANDREW R. KUNAU
LEEANNA GAINER MASK
JACKIE J. SPARKS

WEBSITE: www.agslaw.com

# TELECOPIER COVER SHEET

**DATE:**       April 17, 2002

**TO:**        Reynaldo Ortiz                            956-631-1384

**FROM:**      Larry J. Goldman

**NUMBER OF PAGES INCLUDING COVER PAGE:**    5

**OUR FILE NO:**   23100.0901          **ORIGINAL TO FOLLOW:** YES ___ NO _X_

**TRANSMITTED FROM FAX NO (210) 344-7228  RETURN TO:**   Helena Chibas

**IF THERE ARE ANY PROBLEMS IN THE TRANSMISSION OF THIS FAX, PLEASE CALL (210) 344-0500.**

# COMMENTS:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR. PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND PLEASE RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

```
*  *  *  COMMUNICATION RESULT REPORT ( APR. 17. 2002  3:40PM ) *  *  *
                                                    FAX HEADER:  ADAMI

TRANSMITTED/STORED : APR. 17. 2002  3:38PM
FILE MODE        OPTION          ADDRESS              RESULT    PAGE
-------------------------------------------------------------------------
792  MEMORY TX                   19566311384          OK        4/4
```



```
--------------------------------------------------------------------------
REASON FOR ERROR
      E-1) HANG UP OR LINE FAIL          E-2) BUSY
      E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
```

LAW OFFICES OF

# ADAMI, GOLDMAN & SHUFFIELD
### INCORPORATED

GRANT E. "TRES" ADAMI, III
LARRY J. GOLDMAN*
E. WAYNE SHUFFIELD
ROBERT F. SCHEIHING
DOUGLAS E. PENNEBAKER
MARTIN J. PHIPPS
R. SCOTT WESTLUND

*BOARD CERTIFIED
   PERSONAL INJURY TRIAL LAW
   TEXAS BOARD OF LEGAL SPECIALIZATION
◆OF COUNSEL

NOWLIN BUILDING
9311 SAN PEDRO, SUITE 900
SAN ANTONIO, TEXAS 78216
TELEPHONE: (210) 344-0500
TELECOPY: (210) 344-7228

WILLIAM N. ALLAN, IV
KEVIN S. BAKER
DAVID L. CHUMBLEY
STUART D. COLBURN◆
MICHELLE M. COPELAND
HUGH R. JONE, JR.
ANDREW R. KUNAU
LEEANNA GAINER MASK
JACKIE J. SPARKS

WEBSITE: www.agslaw.com

## TELECOPIER COVER SHEET

**DATE:**     April 17, 2002

**TO:**     Reynaldo Ortiz                                956-631-1384

**FROM:**    Larry J. Goldman

**NUMBER OF PAGES INCLUDING COVER PAGE:**     5

**OUR FILE NO:**   23100.0901          **ORIGINAL TO FOLLOW:** YES ___ NO  X

**TRANSMITTED FROM FAX NO (210) 344-7228  RETURN TO:**  Helena Chibas

**IF THERE ARE ANY PROBLEMS IN THE TRANSMISSION OF THIS FAX, PLEASE CALL (210) 344-0500.**

## COMMENTS:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT.  YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR.  PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND PLEASE RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

/ui/ljg/23100901/notice.state
04/26/02/HRJ/bjw

## CAUSE NO. 2002-03-1287-A

| | | |
|---|---|---|
| TRACEY ODEM and ROBIN ODEM | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 107TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | CAMERON COUNTY, TEXAS |

### DEFENDANTS' NOTICE TO ADVERSE PARTY OF
### REMOVAL TO FEDERAL COURT

TO:   The Honorable Clerk of the Court and Plaintiff, TRACEY ODEM AND ROBIN ODEM, and their attorneys of record, Mr. Reynaldo Ortiz and Ms. Gina Karam Millin, LAW OFFICE OF REYNALDO ORTIZ, P.C.,1109 W. Nolana, Suite 204,McAllen, Texas 78504

PLEASE TAKE NOTICE THAT a notice of removal of this action is being filed in the United States District Court for the Southern District of Texas, Brownsville Division.

A copy of the said Notice of Removal is attached to this Notice and is served and filed herewith.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No. 08093450

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 1st day of May, 2002:

Mr. Reynaldo Ortiz
State Bar No. 15324275
Gina Karam Millin
State Bar No. 24011072
LAW OFFICE OF REYNALDO ORTIZ, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas 78504

LARRY J. GOLDMAN

2

/ui/ljg/23100901/counsel of record
04/26/02/HRJ/bjw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRACEY ODEM and ROBIN ODEM | § | |
| | § | CASE NO. **B-02-085** |
| V. | § | |
| | § | JURY |
| ALLSTATE TEXAS LLOYD'S | § | |

## COUNSEL OF RECORD

**PARTY**
Tracey Odem and Robin Odem
**Plaintiffs**

**ATTORNEY**
Mr. Reynaldo Ortiz
Gina Karam Millin
LAW OFFICE OF REYNALDO ORTIZ
1109 W. Nolana, Suite 204
McAllen, Texas 78504
Telephone:    (956) 687-4567
Telecopier:   (956) 631-1384

Allstate Texas Lloyd's
**Defendant**

Larry J. Goldman
Adami Goldman & Shuffield
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone:    (210) 344-0500
Telecopier:   (210) 344-7228

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
       LARRY J. GOLDMAN
       "Attorney in Charge"
       Federal Bar No. 341
       State Bar No.  08093450

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 1st day of May, 2002:

Mr. Reynaldo Ortiz
State Bar No. 15324275
Gina Karam Millin
State Bar No. 24011072
LAW OFFICE OF REYNALDO ORTIZ, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504

_____
LARRY J. GOLDMAN

2

/ui/jlg/23100901/index
04/26/02/HRJ/bjw

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

TRACEY ODEM and ROBIN ODEM          §
                                    §    CASE NO. _____
V.                                  §
                                    §         JURY
ALLSTATE TEXAS LLOYD'S              §

## INDEX OF MATTERS BEING FILED

1.    Index of Matters Being Filed

2.    Civil Cover Sheet – JS 44

3.    Supplement to JS 44 Civil Cover Sheet

4.    Notice of Removal of Action Under 28 U.S.C. §1441(a)

      Exhibit A
        • Civil Docket Sheet
        • Plaintiffs' Original Petition;
        • Defendant's Original Answer;
        • Defendant's Jury Demand.

      Exhibit B
        • Stipulation

5.    List of All Counsel of Record

6.    Notice of Related Litigation and Affected Non-Parties

7.    Certificate of Service of Notice to Adverse Party of Removal to Federal Court

8.    Designation of Attorney in Charge

/ui/ljg/23100901/index
04/26/02/HRJ/bjw

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRACEY ODEM and ROBIN ODEM | § | |
| | § | |
| V. | § | CASE NO. _____ |
| | § | JURY |
| ALLSTATE TEXAS LLOYD'S | § | |

**INDEX OF MATTERS BEING FILED**

1. Index of Matters Being Filed

2. Civil Cover Sheet – JS 44

3. Supplement to JS 44 Civil Cover Sheet

4. Notice of Removal of Action Under 28 U.S.C. §1441(a)

 Exhibit A
- Civil Docket Sheet
- Plaintiffs' Original Petition;
- Defendant's Original Answer;
- Defendant's Jury Demand.

 Exhibit B
- Stipulation

5. List of All Counsel of Record

6. Notice of Related Litigation and Affected Non-Parties

7. Certificate of Service of Notice to Adverse Party of Removal to Federal Court

8. Designation of Attorney in Charge

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
　　　　　LARRY J. GOLDMAN
　　　　　"Attorney in Charge"
　　　　　Federal Bar No. 341
　　　　　State Bar No.  08093450

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 1st day of May, 2002:

Mr. Reynaldo Ortiz
State Bar No. 15324275
Gina Karam Millin
State Bar No. 24011072
LAW OFFICE OF REYNALDO ORTIZ, P.C.
1109 W. Nolana, Suite 204
McAllen, Texas  78504

_____
LARRY J. GOLDMAN

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

TRACEY ODEM AND ROBIN ODEM

## DEFENDANTS

ALLSTATE TEXAS LLOYDS

**B-02-085**

(b) County of Residence of First Listed Plaintiff  Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Reynaldo Ortiz/Gina Karam Millin
1109 West Nolan, Suite 204
McAllen, TX 78504    (956) 687-4567

Attorneys (If Known)
Larry J. Goldman
9311 San Pedro, Suite 900
San Antonio, TX 78216 (210)344-0500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sec. 1441(a)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

$75,001

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER  Cause No. 2002-03-1287-A  Cameron Co. #107 Dist.

DATE  May 1, 2002

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

/ui/ljg/23100901/suppjs44 cov2
04/26/02/HRJ/bjw

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| TRACEY ODEM and ROBIN ODEM | § | |
| | § | CASE NO. **B-02-085** |
| V. | § | |
| | § | JURY |
| ALLSTATE TEXAS LLOYD'S | § | |
| | § | |

## SUPPLEMENT TO JS 44 CIVIL COVER SHEET

Was Jury Demand made in State Court?  __X__ Yes  ___ No

If "yes", by which party, and on what date?

**Party: Defendants, Allstate Texas Lloyd's          Date: April 16, 2002**

## STYLE OF ORIGINAL PETITION

(Please include <u>all</u> Plaintiffs, Defendants, and Intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number, including the area code.)

*Tracey Odem and Robin Odem  v. Allstate Texas Lloyd's*

| **PARTY** | **ATTORNEY** |
|---|---|
| Tracey Odem and Robin Odem<br>**Plaintiffs** | Mr. Reynaldo Ortiz<br>Gina Karam Millin<br>LAW OFFICE OF REYNALDO ORTIZ<br>1109 W. Nolana, Suite 204<br>McAllen, Texas  78504<br>Telephone:    (956) 687-4567<br>Telecopier:    (956) 631-1384 |
| Allstate Texas Lloyd's<br>**Defendant** | Larry J. Goldman<br>Adami Goldman & Shuffield<br>9311 San Pedro, Suite 900<br>San Antonio, Texas  78216<br>Telephone:    (210) 344-0500<br>Telecopier:    (210) 344-7228 |

## COUNTERCLAIMS, CROSSCLAIMS AND/OR THIRD PARTY CLAIMS

(Please list separately each counterclaim, crossclaim, or third-party claim still remaining in the case, and designate the nature of each such claim. For each counterclaim, crossclaim, or third-party claim, please include all Plaintiffs, Defendants, and Intervenors still remaining in the case. Also, list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number, including the area code.)

**PARTY**                          **ATTORNEY**

None.

Dated this _____ day of _____, 2002.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228


By:_____
LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No. 08093450

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 1st day of May, 2002:

> Mr. Reynaldo Ortiz
> Gina Karam Millin
> LAW OFFICE OF REYNALDO ORTIZ, P.C.
> 1109 W. Nolana, Suite 204
> McAllen, Texas  78504

LARRY J. GOLDMAN

3